UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 14-cv-13224

CATHERINE DOE, individually and as parent
and next friend of her minor daughter, JANE
DOE,

       Plaintiff,

       v.

TOWN OF HOPKINTON, HOPKINTON
PUBLIC SCHOOLS, WILLIAM S. HOWARD,
in his individual and official capacities,
WILLIAM B. LYNCH, in his individual and
official capacities, JOHN E PHELAN, JR., in his
individual and official capacities, WILLIAM
MEEHAN, in his individual and official
capacities; and JASON WEBSTER, in his
individual and official capacities

       Defendants.

## DEFENDANTS', TOWN OF HOPKINTON, HOPKINTON PUBLIC SCHOOLS, WILLIAM B. LYNCH, JOHN E. PHELAN, JR., WILLIAM MEEHAN AND JASON WEBSTER'S, ANSWER TO PLAINTIFF'S COMPLAINT

1. This paragraph does not contain factual allegations in response to which the answering defendants are required to assert a responsive pleading; rather, this paragraph simply characterizes the nature of Plaintiff's claims for relief. To the extent that this paragraph contains factual allegations warranting a response, the answering defendants deny the allegations contained in this paragraph in their entirety.

2. The answering defendants deny the allegations contained in this paragraph.

## PARTIES

3.  The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.  The answering defendants admit the allegations contained in this paragraph.

5.  The answering defendants admit the allegations contained in this paragraph.

6.  The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.  The answering defendants admit the allegations contained in this paragraph to the extent that it names the party and presents the party's address. The second sentence of this paragraph contains solely a legal conclusion that does not warrant a responsive pleading from the answering defendants.

8.  The answering defendants admit the allegations contained in this paragraph to the extent that it names the party and presents the party's address. The second sentence of this paragraph contains solely a legal conclusion that does not warrant a responsive pleading from the answering defendants.

9.  The answering defendants admit the allegations contained in this paragraph to the extent that it names the party and presents the party's address. The second sentence of this paragraph contains solely a legal conclusion that does not warrant a responsive pleading from the answering defendants.

10. The answering defendants admit the allegations contained in this paragraph to the extent that it names the party and presents the party's address. The second sentence of this paragraph contains solely a legal conclusion that does not warrant a responsive pleading from the answering defendants.

**JURISDICTION AND VENUE**

11. This paragraph contains solely a legal conclusion that does not warrant a responsive pleading from the answering defendants.

12. This paragraph contains solely a legal conclusion that does not warrant a responsive pleading from the answering defendants.

13. This paragraph contains solely a legal conclusion that does not warrant a responsive pleading from the answering defendants.

14. This paragraph contains solely a legal conclusion that does not warrant a responsive pleading from the answering defendants.

**FACTS**

15. The answering defendants admit the allegations contained in this paragraph.

16. The answering defendants admit only that the Town of Hopkinton employed Defendant Howard as a sixth grade science teacher at the Hopkinton Middle School for a portion of 2009-2010.

17. The answering defendants admit only that the Town of Hopkinton employed Defendant Phelan as Superintendent of the Hopkinton Public Schools for the 2009-2010 academic year.

18. The answering defendants admit only that the Town of Hopkinton employed Defendant Lynch as Principal of the Hopkinton Middle School for the 2009-2010 academic year.

19. The answering defendants admit the allegations contained in this paragraph.

20. The answering defendants admit only that the Town of Hopkinton employed Defendant Webster as Assistant Principal of the Hopkinton Middle School for the 2009-2010 academic year.

21. The answering defendants admit the allegations contained in this paragraph.

22. The answering defendants admit the allegations contained in this paragraph.

23. The answering defendants admit the allegations contained in this paragraph.

24. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The answering defendants deny the allegations contained in this paragraph.

28. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. The answering defendants deny the allegations contained in this paragraph. Jane admitted that she told her parents about Howard's alleged touching of her. Nonetheless, her parents failed to report it to answering defendants.

33. The answering defendants deny the allegations contained in this paragraph.

34. The answering defendants deny the allegations contained in this paragraph.

35. The answering defendants deny the allegations contained in this paragraph.

36. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41. The answering defendants deny the allegations contained in this paragraph.

42. The answering defendants admit the allegations contained in this paragraph.

43. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

49. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

50. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

51. The answering defendants admit that Respondent Howard was involved in a program known as IGNITE.

52. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53. The answering defendants admit that Respondent Howard, like any other teacher, interacted with students outside of the confines of his own classroom.

54. The answering defendants deny the allegations contained in this paragraph.

55. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

57. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

58. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

59. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

60. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

63. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

64. The answering defendants admit the allegations contained in this paragraph.

65. The answering defendants deny the allegations contained in this paragraph.

66. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

67. The answering defendants deny that Jane met with only one counselor but admit that Jane initially met with two counselors.

68. The answering defendants admit only that two counselors interviewed Jane about Respondent Howard.

69. The answering defendants deny the allegations contained in this paragraph as alleged.

70. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

71. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

72. The answering defendants deny the allegations contained in this paragraph.

73. The answering defendants deny the allegations contained in this paragraph.

74. The answering defendants deny the allegations contained in this paragraph. Jane and Catherine were both interviewed by Dr. Colombo six days after her initial interview.

75. The answering defendants admit only that Catherine was present for Jane's second interview.

76. The answering defendants admit the allegations contained in this paragraph only to the extent that Jane was interviewed a second time about her interactions with Defendant Howard.

77. The answering defendants admit only that Jane provided responses to the requests posed to her when interviewed a second time.

78. The answering defendants deny the allegations contained in this paragraph.

79. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

80. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

81. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

82. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

83. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

84. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

85. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

86. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

87. The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

88. The answering defendants deny the allegations contained in this paragraph.

89. The answering defendants admit to the allegations contained in this paragraph to the extent that the document referred to in this paragraph speaks for itself.

90. The answering defendants admit to the allegations contained in this paragraph to the extent that the document referred to in this paragraph speaks for itself.

91. The answering defendants admit to the allegations contained in this paragraph to the extent that the document referred to in this paragraph speaks for itself.

92. The answering defendants deny the allegations contained in this paragraph.

93. The answering defendants deny the allegations contained in this paragraph for the reason that it alleges facts in the context of the prior paragraph, which answering defendants deny.

94. The answering defendants deny the allegations contained in this paragraph.

95. The answering defendants deny the allegations contained in this paragraph.

96. The answering defendants admit the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff and authored by Dr. Colombo.

97. The answering defendants deny the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff and authored by Dr. Colombo.

98. The answering defendants admit the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff and authored by Dr. Colombo.

99. The answering defendants admit the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff and authored by Dr. Colombo.

100.    The answering defendants admit the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff and authored by Dr. Colombo.

101.    The answering defendants admit the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff and authored by Dr. Colombo.

102.    The answering defendants admit the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff and authored by Dr. Colombo.

103.    The answering defendants admit the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff and authored by Dr. Colombo.

104.      The answering defendants admit the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff and authored by Dr. Colombo.

105.      The answering defendants admit the allegations contained in this paragraph only to the extent that such allegations are consistent with the Investigation Report produced to Plaintiff authored by Dr. Colombo.

106.      The answering defendants deny the allegations contained in this paragraph.

107.      The answering defendants deny the allegations contained in this paragraph.

108.      The answering defendants deny the allegations contained in this paragraph.

109.      The answering defendants deny the allegations contained in this paragraph.

110.      The answering defendants deny the allegations contained in this paragraph.

111.      The answering defendants deny the allegations contained in this paragraph.

112.      The answering defendants admit the allegations contained in this paragraph.

113.      The answering defendants deny the allegations contained in this paragraph for the reason that it refers to a policy that is fluid and has changed over the course of time and the allegations contained therein do not specify a particular time period to which the allegations refer, thus preventing the answering defendants from providing a responsive pleading.

114.      The answering defendants deny the allegations contained in this paragraph for the reason that the Mandated Reporting of Child Abuse and Neglect is governed by statutory law any "policy" of the Hopkinton Public Schools explicitly references and the aforementioned statute and adopts its legal requirements.

115.     The answering defendants deny the allegations contained in this paragraph as alleged based on the reason set forth in answering defendants' answer to paragraph 114.

116.     The answering defendants deny the allegations contained in this paragraph as alleged based on the reason set forth in answering defendants' answer to paragraph 114.

117.     The answering defendants deny the allegations contained in this paragraph as alleged based on the reason set forth in answering defendants' answer to paragraph 114.

118.     The answering defendants deny the allegations contained in this paragraph as alleged based on the reason set forth in answering defendants' answer to paragraph 114.

119.     The answering defendants deny the allegations contained in this paragraph as alleged based on the reason set forth in answering defendants' answer to paragraph 114.

120.     The answering defendants deny the allegations contained in this paragraph.

121.     The answering defendants deny the allegations contained in this paragraph.

122.     The answering defendants deny the allegations contained in this paragraph.

123.     The answering defendants deny the allegations contained in this paragraph.

124.     The answering defendants deny the allegations contained in this paragraph.

125.     The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

126.     The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

127.     The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

128.     The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

129.    The answering defendants deny the allegations contained in this paragraph.

130.    The answering defendants deny the allegations contained in this paragraph.

## COUNT I
**Assault and Battery**
**(Against Howard)**

131.    The answering defendants incorporate by reference its answers to paragraphs 1

through 130.

132.    This Paragraph refers to another party and does not require a response from the

answering defendants.

133.    This Paragraph refers to another party and does not require a response from the

answering defendants.

134.    This Paragraph refers to another party and does not require a response from the

answering defendants.

## COUNT II
**Unfair Educational Practice – Sexual Harassment**
**In Violation of G.L. c. 214 §1C and G.L. c. 151C, §2(g)**
**(Against Town of Hopkinton, Hopkinton Public Schools, and Howard)**

135.    The answering defendants incorporate by reference its answers to paragraphs 1

through 134.

136.    The answering defendants deny the allegations contained in this paragraph.

137.    This paragraph contains solely a legal conclusion that does not warrant a

responsive pleading from the answering defendants.

138.    This paragraph contains solely a legal conclusion that does not warrant a

responsive pleading from the answering defendants.

139.    The answering defendants deny the allegations contained in this paragraph.

140.    The answering defendants deny the allegations contained in this paragraph.

141.     The answering defendants deny the allegations contained in this paragraph.

142.     The answering defendants deny the allegations contained in this paragraph.

143.     The answering defendants deny the allegations contained in this paragraph.

144.     The answering defendants deny the allegations contained in this paragraph.

145.     The answering defendants deny the allegations contained in this paragraph.

<u>COUNT III</u>
**Violation of 20 U.S.C. §1681(a) (Title IX)**
**(Against Town of Hopkinton and Hopkinton Public Schools)**

146.     The answering defendants incorporate by reference its answers to paragraphs 1
through 145.

147.     The answering defendants admit the allegations contained in this paragraph.

148.     This paragraph contains solely a legal conclusion that does not warrant a
responsive pleading from the answering defendants.

149.     The answering defendants deny the allegations contained in this paragraph.

150.     The answering defendants deny the allegations contained in this paragraph.

151.     The answering defendants deny the allegations contained in this paragraph.

<u>COUNT IV</u>
**Violation of 42 U.S.C. §1983**
**(Against All Defendants in their Individual and Official Capacities)**

152.     The answering defendants incorporate by reference its answers to paragraphs 1
through 151.

153.     The answering defendants deny the allegations contained in this paragraph.

154.     The answering defendants deny the allegations contained in this paragraph.

155.     This paragraph contains solely a legal conclusion that does not warrant a
responsive pleading from the answering defendants.

156.     The answering defendants deny the allegations contained in this paragraph.

157.     The answering defendants deny the allegations contained in this paragraph.

158.     The answering defendants deny the allegations contained in this paragraph.

159.     The answering defendants deny the allegations contained in this paragraph.

160.     The answering defendants deny the allegations contained in this paragraph.

161.     The answering defendants deny the allegations contained in this paragraph.

162.     The answering defendants deny the allegations contained in this paragraph.

163.     The answering defendants deny the allegations contained in this paragraph.

164.     The answering defendants deny the allegations contained in this paragraph.

165.     The answering defendants deny the allegations contained in this paragraph.

166.     The answering defendants deny the allegations contained in this paragraph.

167.     The answering defendants deny the allegations contained in this paragraph.

## COUNT V
### Violation of 42 U.S.C. §1983 via Vicarious Liability
### (Against Town of Hopkinton and Hopkinton Public Schools)

168.     The answering defendants incorporate by reference its answers to paragraphs 1

through 167.

169.     The answering defendants deny the allegations contained in this paragraph.

170.     The answering defendants deny the allegations contained in this paragraph.

171.     The answering defendants deny the allegations contained in this paragraph.

172.     The answering defendants deny the allegations contained in this paragraph.

**COUNT VI**
**Negligence**
**(Against Howard)**

173.     The answering defendants incorporate by reference its answers to paragraphs 1

through 172.

174.     This Paragraph refers to another party and does not require a response from

answering defendant.

175.     This Paragraph refers to another party and does not require a response from

answering defendant.

176.     This Paragraph refers to another party and does not require a response from

answering defendant.

**COUNT VII**
**Negligence**
**(Against Town of Hopkinton and Hopkinton Public Schools)**

177.     The answering defendants incorporate by reference its answers to paragraphs 1

through 176.

178.     The answering defendants deny the allegations contained in this paragraph.

179.     This paragraph contains solely a legal conclusion that does not warrant a

responsive pleading from the answering defendants.

180.     This paragraph contains solely a legal conclusion that does not warrant a

responsive pleading from the answering defendants.

181.     The answering defendants deny the allegations contained in this paragraph.

182.     The answering defendants deny the allegations contained in this paragraph.

183.     The answering defendants deny the allegations contained in this paragraph.

184.     The answering defendants deny the allegations contained in this paragraph.

185.        The answering defendants deny the allegations contained in this paragraph.

186.        The answering defendants deny the allegations contained in this paragraph.

## COUNT VIII
### Negligent Hiring, Supervision, Training, and Retention
### (Against Town of Hopkinton and Hopkinton Public Schools)

187.        The answering defendants incorporate by reference its answers to paragraphs 1

through 186.

188.        The answering defendants deny the allegations contained in this paragraph.

189.        This paragraph contains solely a legal conclusion that does not warrant a

responsive pleading from the answering defendants.

190.        This paragraph contains solely a legal conclusion that does not warrant a

responsive pleading from the answering defendants.

191.        The answering defendants deny the allegations contained in this paragraph.

192.        The answering defendants deny the allegations contained in this paragraph.

193.        The answering defendants deny the allegations contained in this paragraph.

194.        The answering defendants deny the allegations contained in this paragraph.

195.        The answering defendants deny the allegations contained in this paragraph.

196.        The answering defendants deny the allegations contained in this paragraph.

## COUNT IX
### Intentional Infliction of Emotional Distress
### (Against Howard)

197.        The answering defendants incorporate by reference its answers to paragraphs 1

through 197.

198.        This Paragraph refers to another party and does not require a response from

answering defendant.

17

199.      This Paragraph refers to another party and does not require a response from

answering defendant.

200.      This Paragraph refers to another party and does not require a response from

answering defendant.

## COUNT X
### Negligent Infliction of Emotional Distress
### (Against Howard)

201.      The answering defendants incorporate by reference its answers to paragraphs 1

through 200.

202.      This Paragraph refers to another party and does not require a response from

answering defendant.

203.      This Paragraph refers to another party and does not require a response from

answering defendant.

204.      This Paragraph refers to another party and does not require a response from

answering defendant.

205.      This Paragraph refers to another party and does not require a response from

answering defendant.

## COUNT XI
### Negligent Infliction of Emotional Distress
### (Against Town of Hopkinton and Hopkinton Public Schools)

206.      The answering defendants incorporate by reference its answers to paragraphs 1

through 205.

207.      The answering defendants deny the allegations contained in this paragraph.

208.      This paragraph contains solely a legal conclusion that does not warrant a

responsive pleading from the answering defendants.

209.     This paragraph contains solely a legal conclusion that does not warrant a responsive pleading from the answering defendants.

210.     The answering defendants deny the allegations contained in this paragraph.

211.     The answering defendants deny the allegations contained in this paragraph.

212.     The answering defendants deny the allegations contained in this paragraph.

213.     The answering defendants deny the allegations contained in this paragraph.

214.     The answering defendants deny the allegations contained in this paragraph.

215.     The answering defendants deny the allegations contained in this paragraph.

### COUNT XII
**Violation of the Massachusetts Civil Rights Act (G.L. c. 12 §§11H and 11I)**
**(Against Howard)**

216.     The answering defendants incorporate by reference its answers to paragraphs 1 through 215.

217.     This Paragraph refers to another party and does not require a response from answering defendant.

218.     This Paragraph refers to another party and does not require a response from answering defendant.

219.     This Paragraph refers to another party and does not require a response from answering defendant.

220.     This Paragraph refers to another party and does not require a response from answering defendant.

## COUNT XIII
### Invasion of Right of Privacy (G.L. c. 214, §1B)
### (Against All Defendants)

221.    The answering defendants incorporate by reference its answers to paragraphs 1

through 220.

222.    The answering defendants deny the allegations contained in this paragraph.

223.    The answering defendants deny the allegations contained in this paragraph.

## COUNT XIV
### Loss of Consortium (G.L. 231, §85X)
### (Against All Defendants)

224.    The answering defendants incorporate by reference its answers to paragraphs 1

through 223.

225.    The answering defendants admit the allegations contained in this paragraph.

226.    The answering defendants deny the allegations contained in this paragraph.

227.    The answering defendants deny the allegations contained in this paragraph.

228.    The answering defendants deny the allegations contained in this paragraph.

229.    The answering defendants deny the allegations contained in this paragraph.

230.    The answering defendants deny the allegations contained in this paragraph.

WHEREFORE, answering defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint, enter judgment in its favor and grant answering defendants any and all other relief affordable under law.

## JURY DEMAND

The answering defendants request a jury demand on all counts so triable.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Answering Defendants state by way of affirmative defense that Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Answering Defendants state by way of affirmative defense that process and/or service of process was deficient.

## THIRD AFFIRMATIVE DEFENSE

Answering Defendants state by way of affirmative defense that Plaintiff's claims are barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendants state by way of affirmative defense that Plaintiff failed to properly exhaust the appropriate administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendants state by way of affirmative defense that Plaintiff's claims are barred by the provisions of the Massachusetts Tort Claims Act, M.G.L. c. 258, including but not limited to M.G.L. c. 258, s. 10 and s. 4.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendants state by way of affirmative defense that Plaintiff did not properly present her claims as required by M.G.L. c. 258, s. 4.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants state by way of affirmative defense that Plaintiff's claims must be dismissed and/or are barred by the doctrine of qualified immunity.

*Respectfully submitted*,
The Defendants,
Town of Hopkinton, Hopkinton Public Schools,
William B. Lynch, John E. Phelan, Jr. and Jason
Webster,
By their attorneys,


*/s/ Michael Stefanilo, Jr.*
Leonard H. Kesten, BBO # 542042
Michael Stefanilo, Jr., BBO# 684500
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: August 26, 2014


## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.


*/s/ Michael Stefanilo, Jr.*
Michael Stefanilo, Jr., BBO# 684500

Dated: August 26, 2014