UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CATHERINE DOE, *individually and as parent and next friend of her minor daughter*, JANE DOE, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:14-cv-13224-IT |
| TOWN OF HOPKINTON et al, | * * | |
| Defendants. | * | |

ORDER AND MEMORANDUM

November 23, 2016

I.  Introduction

Now before the court is Defendants' Joint Motion to Examine the Plaintiff Pursuant to Fed. R. Civ. P. 35 [#61]. For the following reasons, Defendants' Motion is DENIED.

II.  Discussion

Rule 35 states that a court may order a party whose mental condition is in controversy to submit to a mental examination "only on a motion for good cause." The parties agree that Jane Doe's mental condition is in controversy. Defendants assert that good cause arises from the fact Plaintiffs' expert examined Plaintiff. Plaintiff disagrees, and further argues that Defendants' motion is untimely regardless of good cause.

The court addresses the timeliness argument first. Following a second scheduling conference, the court set a fact discovery deadline of October 7, 2015. Order [#41]. The court then granted several joint requests to extend fact discovery, but finally, in light of the age of the

case, set a final fact discovery cut-off of May 19, 2016. [#47]. The court reiterated the requirement set forth in prior scheduling orders that any motions to compel must be filed no later than 7 days after the close of fact discovery. Id.  Never in the course of said scheduling conferences, written statements concerning scheduling, motions to extend fact discovery, or the 7 day period following the close of fact discovery did Defendants communicate any intent to seek a Rule 35 examination.[1]

Defendants filed their motion for a Rule 35 examination on October 3, 2016, after receiving Plaintiffs' expert report and subsequently deposing him.[2] In other words, Defendants seek to commence further discovery well over four months after discovery closed. The motion is untimely.

Moreover, Defendants failed to demonstrate the good cause Rule 35 demands. In essence, they argue that they need the examination to "level the playing field" because Plaintiffs' expert examined Jane Doe, and their (*rebuttal*) expert has not. Yet, as Defendants acknowledge, their (*rebuttal*) expert has at his disposal Plaintiffs' expert's full report, the documents on which it relies, and extensive materials germane to Jane Doe's mental condition (including deposition

---

[1] Although Defendants argue that they did not know her mental condition was in controversy during fact discovery, the complaint alleges that Jane Doe "suffered personal injuries (including physical and psychological injuries, pain and suffering, emotional distress . . . [and] medical expenses . . ) as a result of Howard's [actions]," that she "has suffered from severe anxiety and depression, and engaged in acts of self-injury such as cutting," and that she "has undergone significant counseling and a doctor-prescribed medication regimen." Complaint [#1-1] ¶¶ 124-26. Deposition testimony of Jane's health provider further demonstrates that Defendants were on notice of evidence arguably tethering Jane Doe's anxiety to Defendant Howard's purported wrongful acts. [#86-1]

[2] The motion was filed 11 days before the deadline for rebuttal expert disclosures, and Defendants asked in the motion to extend that deadline. Joint Motion to Examine the Plaintiff Pursuant to Fed. R. Civ. P. 35 [#61]. The court stayed the deadline pending resolution of the motion. Order [#65].

testimony of Jane Doe and her mental and medical health providers). That Defendants now realize that Plaintiffs may have prepared for trial in a manner that Defendants did not anticipate does not warrant subjecting Jane Doe to further examination. Rule 35's "good cause" requirement contemplates something more than mere desire to bolster or protect rebuttal expert testimony, and Defendants have failed to provide any grounds other than exactly this.

### III.    Conclusion

The Defendants' Joint Motion to Examine the Plaintiff Pursuant to Fed. R. Civ. P. 35 [#61] to DENIED. The stay of expert discovery [#65] is lifted. The deadline for rebuttal expert disclosures is extended to December 7, 2016. Depositions of rebuttal experts shall be completed by January 4, 2017.

 IT IS SO ORDERED.

November 23, 2016

/s/ Indira Talwani
United States District Judge